UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: | ) |
| | ) |
| CHRISTOPHER RUEL MORSE, | ) Case No. 16-10345-SAH |
| | ) Chapter 7 |
| Debtor. | ) |

**MOTION FOR ORDER COMPELLING RULE 2004 EXAMINATIONS
AND PRODUCTION OF DOCUMENTS, AND NOTICE OF
OPPORTUNITY FOR HEARING, AND BRIEF IN SUPPORT**

First National Bank & Trust Company of Weatherford, N.A. ("Movant") hereby moves this court for an order pursuant to Fed. R. Bankr. P. 2004 requiring the Debtor, Diversified Labor & Construction, LLC ("DLC"), and Eagle Excavation, LLC ("Eagle") to each submit to a 2004 examination as requested herein, and to produce certain documents in advance of the examination. In support of this Motion, Movant states:

I. Background Facts

1.      Movant is a secured creditor of DLC, which is 100% owned by Debtor. On five loans to DLC, Movant is owed in excess of $1.4 million dollars in principal (exclusive of interest, costs and fees). At least three of these five loans are secured by accounts receivable. One of these loans was a revolving line of credit under which DLC would from time-to-time request, and Movant would make, cash advances.

2.      Movant is a secured creditor of Eagle pursuant to a previously revolving line of credit. On Movant's line of credit to Eagle, Debtor would from time-to-time request, and Movant would make, cash advances. These cash advances were secured, in part, by Eagle's accounts receivable. There remains owed by Eagle the principal sum of $699,000.00 (plus interest, costs and fees). Debtor is the manager of Eagle, and a 25% owner.

3. Debtor is a guarantor on all of the Eagle and DLC loans. DLC is a guarantor on the Eagle loan.

4. On November 27, 2015, DLC (acting through Debtor) represented to Movant that DLC was owed $817,865.21 in accounts receivable. Movant sent out UCC "account debtor" collection letters to DLC's account debtors on January 13, 2016. To date, only about $3,000 has been collected. Large amounts of DLC's accounts receivable remain unaccounted for.

5. The non-dischargeability objection deadline is May 9, 2016.

II.   Arguments and Authority

6. Fed. R. Bankr. P. 2004(a) provides:

> (a)   **Examination on Motion**. On motion of any party in interest, the court may order the examination of any entity.

Rule 2004(b) provides that the examination may relate to the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or the debtor's right to a discharge." Rule 2004(c) provides in material part that:

> (c)   **Compelling Attendance and Production of Documentary Evidence**. The attendance of an entity for examination and the production of documentary evidence may be compelled in the manner provided in Rule 9016 for the attendance of witnesses at a hearing or trial.

7. Movant desires to conduct 2004 exams to: (i) Determine the status and location of the reportedly $800,000 in accounts receivable that reportedly existed in November 2015; (ii) to determine if it has non-dischargeability claims (under 11 U.S.C. §§ 727(a) and 523(a)) against Debtor, and (iii) generally determine its rights against Debtor. The entities that Debtor desires to exam are as follows:

> Debtor;
> DLC; and
> Eagle Excavation.

8. Movant desires for Debtor, DLC, and Eagle to produce in advance of the hearing the documents under their name below, and specifically:

|   | **Debtor:** | **DLC:** | **Eagle Excavation:** |
|---|---|---|---|
| A. | Bancfirst bank account statements for account No. xxxxxx8209, for the periods of: August 2015 through December 2015 (inclusive); and March 2016. | Bancfirst bank account statements for account No. xxxxxx8233, for the periods of: August 2015; March 2016. | Quarterly Financial Statements (Balance Sheet/Profit-Loss Statement) for the following years–2013, 2014, and 2015 (for a total of 12 statements). |
| B. | Bancfirst bank account statements for any other account detailing activity for the period of August 2015 through March 2016 (inclusive). | Bancfirst bank account statements for any other account detailing activity for the period of February 2015 through March 2016 (inclusive). | |
| C. | All other bank account statements (other than accounts at Movant) for the period of February 2015 through March 2016. | All other bank account statements (other than accounts at Movant) for the period of February 2015 through March 2016. | |
| D. | | Bona fide accounts receivable reports for the following dates: March 25, 2015; March 31, 2015; April 6, 2015; April 10, 2015; May 4, 2015; May 15, 2015; June 3, 2015; August 25, 2015; October 20, 2015; October 23, 2015; November 27, 2015; December 31, 2015. | |

|    | **Debtor:** | **DLC:** | **Eagle Excavation:** |
|----|-------------|----------|----------------------|
| E. |             | Electronic Backup of company books (i.e., Quickbooks Backup) showing records from (at least) January 2015 through present. | Electronic Backup of company books (i.e., Quickbooks Backup) showing records from (at least) July 31, 2012 through present. |
| F. |             | Copies of all contracts being performed by DLC from March 1, 2015 through February 29, 2016. | All bank account statements (other than accounts at Movant) for the period of August 1, 2013 through December 31, 2015 (inclusive). |
| G. | Copies of all correspondence between Debtor and the parties to the contracts identified in DLC item F. | Copies of all correspondence between DLC and the parties to the contracts identified in item F. |  |
| H. | All documents evidencing communications regarding the $150,000 loan from John Special. | All documents evidencing communications regarding the $150,000 loan from John Special. |  |
| I. | All documents evidencing communications between Debtor and Movant between March 1, 2015 and February 10, 2016. | All documents evidencing communications between DLC and Movant between March 1, 2015 and February 10, 2016. |  |
| J. | All documents related to the $100,000 Bancfirst loan listed in your bankruptcy schedules. | All documents related to the $100,000 Bancfirst loan listed in Debtor's bankruptcy schedules. |  |
| K. | Any other documents identified by Movant at any hearing on this motion. | Any other documents identified by Movant at any hearing on this motion. |  |

9. Pursuant to Rule 2004(d), the court may "for cause shown and on terms as it may impose order the debtor to be examined" at any time or place it designates, whether within or without the district wherein the case is pending. Therefore, the court's order should order Debtor, DLC, and

Eagle to appear for the examinations at the following place and time:

> **Date/Time**: 9:00 a.m., April 26, 2016, and continuing thereafter until completed (but no later than 5:00 p.m. on April 27, 2016, unless the parties agree otherwise)
>
> **Place**: First National Bank & Trust Company of Weatherford, N.A.
> 4611 W. 6th Street
> Stillwater, OK 74074
> (unless the parties in writing mutually agree otherwise).

As Debtor is the manager of DLC and Eagle, and the court's order should specify that no subpoena is required to compel Debtor to appear for examination on behalf of these entities. Alternatively, the court's order should authorize Movant's counsel to issue the subpoenas to compel the appearance by Debtor for these entities.

      10.    So that Movant may review the documents being produced in advance of the 2004 examinations, Debtor, DLC, and Eagle, should be required to produce responsive documents no later than the following time and place:

> **Date/Time**: 2:00 p.m. on April 19, 2016 (unless the parties in writing mutually agree otherwise)
>
> **Place**: Law Office of David L. Nunn, P.C.
>       212 East Second Street
>       Edmond, OK 73034

As Debtor is the manager of DLC and Eagle, and the court's order should specify that no subpoena is required to obtain these documents. Alternatively, the court's order should authorize Movant's counsel to issue the subpoenas to compel the production of these documents.

      11.    As Debtor is the manager of both DLC and Eagle, it is requested that the court's order specify that DLC and Eagle will appear at the 2004 examination through Debtor, and that all three examinations be conducted concurrently with the examination of Debtor.

      12.    NOTICE OF OPPORTUNITY FOR HEARING

**Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document.** If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than 14 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney and the chapter 7 trustee [and any others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice. **The 14 day period includes the three (3) days allowed for mailing provided for in Fed. R. Bankr. P. 9006(f).**

### III. Prayer for Relief

Wherefore, Movant asks that: (1) Debtor, DLC, and Eagle be ordered to appear for 2004 examinations at the time and place requested herein and that Debtor be the individual through whom DLC and Eagle will appear and be examined; and (2) All three examinations be conducted concurrently with the examination of Debtor; and (3) Debtor, DLC, and Eagle, be ordered to produce the above documents by the above proposed deadline. Movant also asks for such other relief as the court deems just.

          Respectfully submitted,

          /s/ David L. Nunn
          DAVID L. NUNN, OBA #14512
          -Of the Firm-
          DAVID L. NUNN, P.C.
          PO Box 230
          Edmond, Oklahoma 73083-0230
          (405) 330-4053
          (405) 330-8470 (fax)
          ATTORNEY FOR FIRST NATIONAL
          BANK & TRUST COMPANY OF
          WEATHERFORD, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit the above and foregoing pleading to the ECF registrants, to include the following:

Susan J. Manchester susanmanchester@sbcglobal.net,
smanchester@ecf.epiqsystems.com;manchesterlaw@sbcglobal.net
Jason A Sansone jsansone@sansonehowell.com
United States Trustee Ustpregion20.oc.ecf@usdoj.gov

This is to further certify that a copy of the above and foregoing, was mailed, postage prepaid, on the 16th day of March, 2016, to:

Christopher Morse
PO Box 901
Stillwater, OK 74076

Diversified Labor & Construction, LLC
c/o Christopher Morse
PO Box 901
Stillwater, OK 74076

Eagle Excavation, LLC
c/o Christopher Morse
PO Box 901
Stillwater, OK 74076

          /s/ David L. Nunn
          David L. Nunn